UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM CONSTANT AND** | **CIVIL ACTION** |
| **JACK STEWART, JR., individually, and** | |
| **on behalf of all other similarly situated** | |
| | |
| **VERSUS** | **No. 07-3042** |
| | |
| **CRAIG WEBRE, as the duly elected sheriff** | **SECTION "C"** |
| **for the Parish of Lafourche, et al.** | |

## ORDER AND REASONS

Before the Court is the issue of subject matter jurisdiction over the federal and state law claims asserted in this action. The Court having considered the record, the memoranda and arguments of the parties, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

### I.  BACKGROUND

On May 29, 2007 plaintiffs William Constant and Jack Stewart filed suit against their former employer, defendant Craig Webre as the duly elected sheriff for the Parish of Lafourche, alleging violation of the Fair Labor Standards Act. 29 U.S.C. § 201, e*t seq.* ("FLSA"). Mr. Constant and Mr. Stewart, individually and on behalf of others similarly situated, seek damages pursuant to the FLSA for the defendant's alleged failure to pay adequate employment compensation. The plaintiffs also asserted a claim under 42 U.S.C. § 1983 against Craig Webre, which plaintiffs have voluntarily dismissed.

In addition to their claims against Craig Webre, the plaintiffs assert defamation claims

against Drake Landry. Mr. Landry has filed a counterclaim against Mr. Constant and Mr. Stewart pursuant to 42 U.S.C. § 1983. These claims arise from an October 20, 2006 incident during which the plaintiffs took defendant Mr. Landry into custody, transported him by patrol car, and subsequently released him. Plaintiffs Mr. Constant and Mr. Stewart allege that Mr. Landry made defamatory statements pertaining to the plaintiffs and this October 20, 2006 incident. Mr. Landry's counterclaim under 42 U.S.C. § 1983 is based on alleged acts by Mr. Constant and Mr. Stewart during this incident.

## II. LAW AND ANALYSIS

The plaintiffs filed an unopposed motion to sever the FLSA claims from the other claims asserted in this action, and the Court has determined that severance is appropriate. A claim may be severed and proceeded with separately in accordance with F.R.C.P. 21. Severance creates two or more distinct actions or suits. *United States v. O'Neill,* 709 F. 2d 361, 368 (5th Cir. 1983). The plaintiffs' FLSA claims will accordingly proceed as a distinct suit in this case bearing case number 07-3042.

As to the plaintiffs' FLSA claims, the Court and counsel for the parties participated in a telephone status conference to discuss the plaintiffs' Motion To Facilitate Notice For Collective Action Pursuant to 29 U.S.C. § 216 (b). (Rec. Doc. 35). Counsel agreed to the facilitation of notice and to cooperate in preparing and distributing the notice. The parties further agreed on a 90-day opt-in period from the date of the mailing of the notice. The FLSA claims shall proceed accordingly in this suit.

The remaining claims to be considered are the plaintiffs' defamation claims and the counterclaim by Mr. Landry under 42 U.S.C. §1983. These claims have been severed and would proceed as a separate and distinct suit from the FLSA claims. The Court will consider

whether an independent basis exists for subject matter jurisdiction over the severed claims. *Honeywell International, Incorporated v. Phillips Petroleum Co.,* 415 F.3d 429, 431-32 (5th Cir. 2005).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." A defense which raises a federal question is insufficient to establish subject matter jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

The plaintiffs' defamation claim against Drake Landry is a state tort law action which does not "arise under" federal law as required for federal question jurisdiction. 28 U.S.C. §1331. However, Mr. Landry's counterclaim was brought pursuant to 42 U.S.C. §1983. State and federal courts have concurrent subject matter jurisdiction over 42 U.S.C. §1983 claims. 28 U.S.C.A. § 1343;  *Felder  v. Casey,* 487 U.S. 131, 139, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).

The United States Supreme Court has ruled that a counterclaim cannot serve as the basis for "arising under" federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 832, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).  The issue in *Holmes Group* was whether appellate subject matter jurisdiction existed where the complaint did not allege a claim arising under federal patent law but the answer asserted a patent law compulsory counterclaim. *Holmes Group*, *id.* at 827. The defendant argued that the "well-pleaded complaint" rule allowed the counterclaim to serve as the basis for federal question jurisdiction. *Id.* at 828-30. The United States Supreme Court disagreed, stating that "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831.

Courts have also held that, if the plaintiffs' claims are dismissed for lack of subject matter jurisdiction, the court may retain jurisdiction over the counterclaim if independent jurisdictional grounds exist for the counterclaim.  *Kuehne & Nagel (AG & Co) v. Geosource, Inc.,* 874 F.2d 283, 291 (5th Cir. 1989).  If the court retains jurisdiction over the counterclaim, it may permit the original plaintiffs to reassert their dismissed claims as counterclaims.  *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 355 (5th Cir. 2004).

Considering the forgoing, the Court determines that Mr. Landry's 42 U.S.C. §1983 claims are within the federal court's subject matter jurisdiction.  Mr. Landry may assert these claims as a new suit in federal court by filing a complaint which shall be re-allotted and assigned a new case number.   The plaintiffs' defamation claims against Mr. Landry are dismissed without prejudice.  Mr. Constant and Mr. Stewart may assert their defamation claims against Mr. Landry as counterclaims in the proper suit.

Accordingly,

For the reasons stated herein,

**IT IS ORDERED** that the plaintiffs' claims under the Fair Labor Standards Act are severed from the other claims and that the Fair Labor Standards Act claims shall proceed in this suit bearing case number 07-3042.

**IT IS FURTHER ORDERED** that plaintiffs' counsel shall, within 30 days of this order, file an amended complaint in this case bearing number 07-3042 asserting the plaintiffs' Fair Labor Standards Act claims.  The caption of the amended complaint shall contain only the individual plaintiff(s) and defendant(s) which are the subject of these claims.  It shall also be accompanied by a copy of the original complaint and a copy of this order.

**IT IS FURTHER ORDERED** that counsel for Drake Landry may, within 30 days of this order, file a complaint in this court asserting the 42 U.S.C. §1983 claims. The caption of the complaint shall contain only the individual plaintiff(s) and defendant(s) which are the subject of these specific claims. It shall also be accompanied by a copy of the original complaint and a copy of this order. Upon filing, the clerk will assign a new docket number and will allot it at random among the judges of the court. All pleadings regarding that claim shall thereafter bear the new title, docket number and section of the new case.

**IT IS FURTHER ORDERED** that plaintiffs shall serve each new complaint or amended complaint and summons with a copy of the original complaint and a copy of this order on opposing counsel and on each defendant not yet having appeared in the litigation. Any substantive motions still pending in the original case must be refiled in any newly assigned case to which they pertain. Any claims not timely brought before the court by amended complaint or complaint as ordered herein will be dismissed without further notice.

**IT IS FURTHER ORDERED** that the defamation claims asserted by William Constant and Jack Stewart against Drake Landry are dismissed without prejudice. If Mr. Landry asserts his 42 U.S.C. §1983 claims as a new suit in this court as permitted in this order, Mr. Constant and Mr. Stewart may assert their defamation claims as counterclaims in that new suit.

New Orleans, Louisiana, this __15th__ day of September, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE