UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM CONSTANT, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-3042 |
| CRAIG WEBRE. ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment and/or to strike affirmative defense filed by the plaintiffs and motion for summary judgment filed by the defendant Craig Webre ("Webre"), the Sheriff for Lafourche Parish, Louisiana. Having considered the record, the memoranda of counsel and the law, the Court has determined that the plaintiffs' motion should be denied and the defendant's motion should be partially granted and partially denied for the following reasons.

The plaintiffs filed this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), alleging that they were not properly compensated for overtime while in the defendant's employ.[1] The record reflects that there are a total of

---

[1] It is unclear to the Court whether the plaintiffs assert that there is a claim under 42 U.S.C. § 1983 pending. It is the Court's understanding that all Section 1983 claims against Webre are dismissed and/or severed, as reflected in the pre-trial order submitted by the parties. Rec. Docs. 26, 121.

nine plaintiffs represented by two sets of counsel.

**Plaintiffs' motion for summary judgment and/or to strike affirmative defense**

The plaintiffs argue in their motion that the defendant has not properly raised one of the defenses presented in the defendant's motion for summary judgment, specifically, that four of the plaintiffs are exempt from recovery as supervisors under 29 C.F.R. §§ 541.1-541.5. Specifically, the plaintiffs argue that the defense was not affirmatively pled for purposes of Fed. R. Civ. P. 8(c) and should be deemed waived.[2] The plaintiffs claim that they did not learn of the exemption defense until a settlement conference in January 2010. The trial previously in February 2010 was continued.

The defendant argues in opposition that he did include exemption in its "Ninth Defense" contained in its Answer, "[t]he purported claims for damages and relief requested herein are limited in whole or in part by statute." Rec. Doc. 13, p. 6. Webre next argues that the basis for the exemption was mentioned by the plaintiffs' own

---

[2]The text of Rule 8(c) in effect at the time Webre filed his Answer provides in relevant part:
> In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

2

expert in an October 2009 expert report, and specified in the defendant's expert report produced in November 2009. The defendant also argues that the plaintiffs have not shown prejudice in any delay.

The Court appreciates the plaintiffs' candor in acknowledging that the technical failure to raise an affirmative defense under Rule 8(c ) is not fatal. *Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009). The Court finds that the defense has been properly raised, and in light of the trial continuance, the plaintiffs have not shown that they suffered prejudice.[3]

**Defendant's motion for summary judgment**

The defendant argues that summary judgment as to six claimants is appropriate because they are either barred by the applicable statute of limitations, or exempt as supervisors as set forth in 29 C.F.R. §§ 541.1-54.5, 541.100, and that all claims for time spent "donning and doffing" uniforms should be dismissed.

With regard to the statute of limitations argument, the defendant argues that the claims of four plaintiffs, Mark Burgess ("Burgess"), Dobie Landry ("Landry"), Kirk Rodrigue ("Rodrigue") and Bridget Boudreaux ("Boudreaux") are barred by the FLSA

---

[3]Exemptions pertaining to minimum wage and maximum hour requirements in the FSLA are contained in 29 U.S.C. § 213(a) and apply to "any employee employed in a bona fide executive, administrative, or professional capacity ...

3

statute of limitations set forth in 29 U.S.C. §§ 255-256.[4] The defendant specifically argues that the claims of Burgess and Landry should be dismissed in their entirety, and that the claims of Rodrigue and Boudreaux should be limited to those dates not otherwise barred by the statute.

In response, the plaintiffs argue that the doctrine of equitable tolling should apply because the defendant "withheld the contact information from Plaintiffs' counsel delaying the time of the Notices being mailed out. ... and because "the doctrine of equitable tolling is read into every statute of limitations" Rec. Doc. 129, p. 4. The plaintiffs support this argument with a single citation to *Antonio-Morales v. Bimbo's Best Produce, Inc.*, 2009 WL 1591172 (E.D.La.), in which Judge McNamara tolled the statute of limitations for potential opt-in plaintiffs for a period of time equal to a stay mandated under 18 U.S.C. § 1595(b) because of the pendency of a related criminal action. Here, the plaintiffs have fallen far short of establishing any fraud or misrepresentation on the part of the defendant in providing the names of potential opt-in plaintiffs. Instead, the defendant has provided proof that the names were promptly provided after the plaintiffs' request. Summary judgment on this issue is warranted.

---

[4]Section 255 provides for a two year statute of limitation for enforcement actions and a three year statute of limitation for willful violations, both from the time the cause of action accrues.
    Section 256 provides that an action is commenced on the date a complaint is filed for named plaintiffs, and on the subsequent date the consent is filed for other plaintiffs.

4

Turning next to the issue of whether the "executive exemption" set forth in 29 U.S.C. § 213(a)(1) for "any employee employed in a bona fide executive ... capacity" applies to William Constant ("Constant"), Rodrigue, Keith LeBlanc ("LeBlanc") and Burgess, who all worked as sergeants, hence supervisors.[5] The parties agree that the criteria for determining whether an employee is subject to this exemption is set forth in 29 C.F.R. § 541.100(a) as a four-part test:

> The term "employee employed in a bona fide executive capacity" in Section 13(a)(1) of the Act shall mean any employee:
> (1) Compensated on a salary basis at a rate of not less than $455 per week ... exclusive of board, lodging or other facilities;
> (2) Whose primary duty is the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

Regulations have also been promulgated that define various terms used in the definition. The defendant bears the burden of proof on this issue, which is a fact-intensive determination made on a case-by-case basis in light of the totality of circumstances. *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903, 908 (E.D.La. 2009).

---

[5] Although the defendant notes that it alternatively seeks summary judgment on this issue with regard to Burgess, the appropriate proof is not provided.

In support of his motion, the defendant presents proof that the salary minimum was met as to each of these plaintiffs, that each had a managerial "primary duty" as shift supervisor with the concurrent duties as patrolling officers, that they supervised between 7 and 15 deputies, and that they performed that relevant managerial functions. In opposition, the plaintiffs argue that non-exempt sergeants are entitled to earn overtime under the Lafourche Parish Sheriff's Office Policy and Procedure Manual, that the job descriptions of the plaintiffs were labeled non-exempt for FLSA purposes, and that they received overtime on some occasions. They also argue that their primary duty was as a patrol deputy, as allegedly evidenced by a 2009 statement of Constant, and allegedly corroborated by the deposition testimony of a major in the department.

The applicable definition does not include consideration of how the employee was classified by the employer or whether or not the employee was in fact paid overtime. The Court's own research has revealed that receipt of overtime payment by otherwise exempt employees does not defeat their exempt status under the FSLA. See e.g., *Boykin v. Boeing Co.*, 128 F.3d 1279 (9th Cir. 1997). The only other opposing argument presented is that the "primary duty" of these plaintiffs was non-supervisory in nature for purposes of the second factor set forth in Section 541.100.

The defendant argues that the concurrent performance of exempt and non-exempt work does not serve to automatically disqualify a worker from the Section

6

541.100(a) exemption. *Lovelady v. Allsup's Convenience Stores, Inc.*, 304 Fed.Appx. 301 (5th Cir. 2008). Instead, it "means the principal, main, major or most important duty that the employee performs ... Based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a).

> Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

29 C.F.R. §541.700(a). The amount of time spent on exempt and non-exempt jobs "can be a useful guide" but "is not the sole test." The Court recognizes that the regulation provides "[e]mployees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion." 29 C.F.R. § 541.700. This determination is clearly a fact intensive one and not appropriate for summary judgment.

Finally, the defendant moves for summary judgment, declaring the plaintiffs ineligible for overtime for the time taken to "don and doff" their uniforms at home, because it is done at home and is not "necessary" to police work. *Steiner v. Mitchell*, 350 U.S. 247 (1956). The plaintiffs cite *Lemmon v. City of San Leandro*, 538 F.Supp.2d 1200, 1202-1203 (N.D.Cal.2007), which allowed for compensation where the police department provided lockers for changing into and out of uniform, and where there

7

was an unwritten policy that officers be out of uniform when not on duty. Similar circumstances do not exist here where the officers change at home. In addition, the police uniform is not otherwise special protective equipment that is integral and indispensable to the employees' principal activity. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 722-723 (E.D.La. 2008). Summary judgment on this issue is warranted under the undisputed facts.

Accordingly,

IT IS ORDERED that the summary judgment and/or to strike affirmative defense filed by the plaintiffs is DENIED. Rec. Doc. 125.

IT IS FURTHER ORDERED that the motion for summary judgment filed by the defendant Craig Webre is GRANTED as to Burgess and Landry and PARTIALLY GRANTED and PARTIALLY DENIED as to all other plaintiffs. Rec. Doc. 126.

New Orleans, Louisiana, this 1st day of June, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE